NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2833
_____

FRED DOUGLAS VINING,
                                                    Appellant

v.

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA; APPLIED POWDER TECH; PENNSYLVANIA DEPARTMENT
OF LABOR & INDUSTRY; WORKERS COMPENSATION APPEAL BOARD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-06-cv-00016)
District Judge: Honorable Gary L. Lancaster
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 8, 2011 )
_____

OPINION
_____

PER CURIAM

        Pro se appellant Fred Douglas Vining appeals the District Court's order denying

his motions to amend his complaint and to resubmit his case.  We have jurisdiction

pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2).

In 2004, Vining filed a complaint against Applied Powder Technology, the Pennsylvania Department of Labor and Industry, and the Workers Compensation Appeals Board. The District Court dismissed the case for lack of subject matter jurisdiction, and we affirmed.

In 2006, Vining filed another complaint against the same defendants, but this time also alleged that the District Court had violated his civil rights by dismissing his 2004 complaint. The District Court dismissed Vining's complaint pursuant to 28 U.S.C. § 1915(e)(2), noting that we had affirmed its dismissal of Vining's previous complaint and that it was shielded from suit by judicial immunity. Vining did not appeal.

In 2010, Vining filed a motion to amend his 2006 complaint. The motion, despite its title, appeared to challenge the dismissal of his complaint. The District Court denied the motion, and we affirmed the Court's order. We explained that to the extent that the District Court treated Vining's filing as a motion to amend his complaint, the motion was properly denied because the District Court had dismissed Vining's complaint with prejudice four years earlier. To the extent that Vining's motion could be construed as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the motion was properly denied because it was not made within a reasonable time and was thus untimely. See Fed. R. Civ. P. 60(c)(1).

Vining then simply refiled his motion to amend in the District Court, asking also

2

for leave to resubmit his case. The motion to amend is identical to his previously filed motion; the motion to resubmit adds nothing new. The District Court denied relief, and Vining then filed a notice of appeal to this Court.

This appeal requires little discussion. We have previously affirmed the District Court's denial of the relief at issue here. The District Court was thus correct to deny the motions when Vining refiled them. Accordingly, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2).